MAK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Amro Elansari

20   423

*(In the space above enter the full name(s) of the plaintiff(s) )*

- against -

Jagex Inc.

**COMPLAINT**

Jury Trial: ☑ Yes   ☐ No

(check one)

Shanghai Fukong Interactive

*(In the space above enter the full name(s) of the defendant(s) If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I Addresses should not be included here.)*

I. **Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name            Amro Elansari
            Street Address  325 Pennyll6 Ct.
            County, City    Exton PA
            State & Zip Code PA 19341
            Telephone Number 4842809028

Rev 10/2009

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name: Jagex Inc.
Street Address: 220 Science Park
County, City: Cambridge
State & Zip Code: United Kingdom

Defendant No. 2
Name: Shanghai Fukong Interactive
Street Address: 4F Fortune Plaza Gold Tower
County, City: 34 Guogexin Road
State & Zip Code: Shanghai China 20002

Defendant No. 3
Name: _____
Street Address: _____
County, City: _____
State & Zip Code: _____

Defendant No. 4
Name: _____
Street Address: _____
County, City: _____
State & Zip Code: _____

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*
   ☒ Federal Questions    ☒ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Title II Civil Rights Act.

Rev. 10/2009

- 2 -

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship **Pennsylvania**

Defendant(s) state(s) of citizenship **United Kingdom, China**

### III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? **Pennsylvania, Online Cyberspace Public Forum**

B. What date and approximate time did the events giving rise to your claim(s) occur? **March 2019 – April 2019**

C. Facts:

**What happened to you?**

Unequal treatment

no explanation

no other option but to presume unequal treatment is on basis of race, religion, culture

**Who did what?**

**Was anyone else involved?**

Violation of Title II Civil Rights Act.

See Complaint.

**Who else saw what happened?**

Witnesses - Thousands Online VIC Stream.

**IV.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

Violation of civil rights

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

Injunctive Relief
   termination of unequal treatment
Compensatory + Punitive
       as deemed applicable

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this **24** day of **January**, 20**20**

Signature of Plaintiff _____

Mailing Address **325 Penury Int Ct.**
**Exton PA 19341**

Telephone Number **484 290 8028**

Fax Number *(if you have one)* _____

E-mail Address **Cmroclanswri@gmail.com**

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this ___ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

MAK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Amro Elansari,<br>    Plaintiff<br>    Vs.<br>Jagex, Inc., Shanghai Fukong Interactive.<br>    Defendant | : <br>: <br>: Case No.  **20   423**<br>:<br>:<br>: |

## COMPLAINT AT LAW AND IN EQUITY

AND NOW, comes Plaintiff, Amro Elansari, by and through himself, pro-se, to file the instant constitutionality lawsuit and in support thereof avers as follows.

## INTRODUCTION

1. PLAINTIFF BRINGS THE INSTANT COMPLAINT AGAINST THE DEFENDANTS PURSUANT TO TITLE II OF THE CIVIL RIGHTS ACT.

2. PLAINTIFF INITIATED AN UNEQUAL TREATMENT CASE IN THIS COURT BEFORE - BUT DID NOT CLAIM RACE / RELIGION UNEQUAL TREATMENT AS DESCRIBED BY TITLE II OF THE CIVIL RIGHTS ACT - SO THE CASE WAS DISMISSED BECAUSE THE COURT INFORMED THE PLAINTIFF THAT THEY DID NOT HAVE THE RIGHT TO SUE DEFENDANTS, FOREIGN ENTITIES, FOR UNEQUAL TREATMENT.

3. PLAINTIFF APPEALED TO THE THIRD CIRCUIT - WHERE THE COURT AFFIRMED THE DISMISSAL **(SEE ATTACHED DECISION).**

(1) NOT ON THE BASIS THAT THE PLAINTIFF COULD NOT BRING SUIT AGAINST THE DEFENDANTS, BUT RATHER,

(2) THE UNEQUAL TREATMENT THE PLAINTIFF WAS CLAIMING WAS NOT UNEQUAL TREATMENT BASED ON RACE / RELIGION WHICH IS PROTECTED BY TITLE II OF THE CIVIL RIGHTS ACT.

4. PLAINTIFF **DID** - **AND HEREBY NOW IS CLAIMING** - THAT THE DEFENDANTS **HAVE INDEED DISCRIMINATED ON BASIS OF RACE / RELIGION / CULTURE**.

5. PLAINTIFF WAS NOT PROVIDED AN EXPLANATION FOR THE UNEQUAL TREATMENT AGAINST THEM - (1) IN THE FORM OF AN IN-GAME MUTE

6. ABSENT AN EXPLANATION FOR THIS *PRIMA FACIE* ACT OF UNEQUAL TREATMENT / DISCRIMINATION - PLAINTIFF IS LEFT WITH NO OPTION BUT TO PRESUME THAT THE DISCRIMINATION WAS ON THE BASIS OF RACE / RELIGION / CULTURE - AND THE BURDEN OF PROOF SHIFTS TO THE DEFENDANT ORGANIZATIONS TO SHOW THAT THE UNEQUAL TREATMENT WAS NOT ON THE BASIS OF RACE / RELIGION / CULTURE.

7. A VALID CASE AGAINST JAGEX / SHANGHAI FUKONG HAS BEEN MADE - AND THE DEFENDANTS ARE HEREBY CALLED TO ANSWER.

## PARTIES

8. Amro Elansari, Plaintiff in this matter - located at (REDACTED)

9. Jagex, Inc. located at Jagex Inc. 20 Science Park Cambridge CB4 0WA United Kingdom

10. Shanghai Fukong Int. - 4F Fortune Plaza Gold Tower 39 Guoquan Road Yangpu District Shanghai, 200002 China

## JURISDICTION AND VENUE

11. The Court has original jurisdiction over the claims asserted in this action pursuant to **TITLE II OF THE CIVIL RIGHTS ACT** Venue is appropriate because the events that arise in this matter have taken place in the Eastern District and all parties reside in the Eastern District.

## COUNT 1 - UNEQUAL TREATMENT / UNLAWFUL DISCRIMINATION PURSUANT TO TITLE II OF THE CIVIL RIGHTS ACT

12. Paragraphs 1-28 are hereby re-alleged and incorporated by reference as if fully set forth herein.

13. TITLE II OF THE CIVIL RIGHTS ACT IS SUMMARIZED BY THE DEPARTMENT OF JUSTICE AS FOLLOWS:

> **Title II** of the **Civil Rights Act** of 1964 prohibits discrimination because of race, color, religion, or national origin in certain places of public accommodation, such as hotels, restaurants, and places of entertainment.

14. The federal courts have expanded this AREA OF JURISPRUDENCE TO INCLUDE CASE LAW ON (1) PRIMA FACIE DISCRIMINATION - WHERE ONE PARTY PRESENTS AN UNEQUAL ACT **AND THE BURDEN OF PROOF SHIFTS TO THE DEFENDANT ORGANIZATION TO SHOW THAT THE ACT WAS NOT ON THE BASIS OF RACE / RELIGION / CULTURE**.

15. The mute of the Plaintiff is unequal treatment in this case - unequal treatment without explanation which the Plaintiff has no choice but to presume that was on the basis of the Plaintiff's race / religion / culture.

16. Defendant, by law, must answer for their unequal treatment of the Plaintiff, and if their response is not satisfactory, Plaintiff is entitled to the applicable relief, in the form of injunctive relief terminating the unequal treatment and compensatory / punitive damages as a jury or bench may see fit.

17. Plaintiff is seeking all necessary and relevant remedies and reliefs applicable to the instant matter including declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, demands a trial by jury and a Judgment in favor of the Plaintiff as follows:

**Pertaining To COUNT I**

1. Equitable Relief in the form of an ORDER compelling Defendants to terminate their unequal treatment of the Plaintiff.

2. Any and All Other Applicable Relief Including Compensatory / Punitive Damages as may be decided on by a bench or jury.

Respectfully Submitted,



January 24, 2020

Amro Elansari
Liberty And Justice For All

Note to Court: I thought that it was implied - when I presented an unequal treatment act - that - without an explanation - that it is implied that the unequal treatment is on the basis of race / religion / culture - and that was what I was suing them for -

But I understand that I could have been more clear in referencing TITLE II of the Civil Rights Act and my race / religion / culture based discrimination in the initial petition -

I just didn't think it would have that much difficulty making it through - I thought it was self evident / implied - I didn't feel the need to explain that - I thought the unequal treatment was enough - I thought the act of unequal treatment - presented and proven - was the case - not the implied fact that obviously i'm averring that the unequal treatment is based on race / religion..



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Amro Elansari,<br>    Plaintiff<br>        Vs.<br>Jagex Inc.,<br>    Defendant | : <br>:<br>: Case No. **20    423**<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I hereby certify that the accompanying Complaint At Law And In Equity has been served upon

the following Defendants via first class certified mail on this 24th date of January, 2020:

Jagex Inc. 20 Science Park Cambridge CB4 0WA United Kingdom

4F Fortune Plaza Gold Tower 39 Guoquan Road Yangpu District Shanghai, 200002 China


Respectfully Submitted,


_____
January 24, 2020                          Amro Elansari
                                                     Liberty And Justice For All

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 19-2696

AMRO A. ELANSARI,
Appellant

v.

JAGEX INC.; SHANGHAI HONGTOU; NETWORK TECHNOLOGY CO. LTD.;
SHANGHAI FUKONG; INTERACTIVE ENTERTAINMENT CO. LTD.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:19-cv-03006)
District Judge: Mark A. Kearney

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2020

Before: SHWARTZ, RESTREPO and RENDELL, Circuit Judges

(Opinion filed: January 22, 2020)

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Amro Elansari appeals from the District Court's dismissal of Elansari's claims after screening Elansari's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

In July 2019, Elansari filed a complaint alleging that after playing a game operated by defendant Jagex Ltd. on the internet for some time, Elansari was "muted" from the game for no reason, and Elansari's internal appeal was denied. See Compl. at p. 3. Elansari's complaint alleged a variety of federal constitutional violations.[1] See id. at p. 2. Elansari requested that Jagex "remove the mute on Plaintiff's account." See id. at p. 4.

After granting Elansari's application to proceed in forma pauperis, the District Court screened Elansari's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it. The District Court dismissed Elansari's federal constitutional claims with prejudice. The District Court also did not understand Elansari to have raised a state law claim but observed that Elansari might be able to bring such a claim in a proper forum exercising jurisdiction over the foreign defendants. Finally, the District Court determined that Elansari could not profitably amend the constitutional claims. Elansari timely appealed.

---

[1] The phrase "breach of contract" also appeared on Elansari's complaint, and Elansari checked a box on the complaint labeled "diversity jurisdiction," but the designation form accompanying the complaint identified Elansari's case as a civil rights case brought solely under the District Court's federal question jurisdiction. The District Court concluded that Elansari had not brought a state law claim, a construction that Elansari does not challenge on appeal.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We construe Elansari's allegations liberally and exercise plenary review over the District Court's dismissal of Elansari's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

On appeal, Elansari first argues that the District Court should have adjudicated, and granted relief on, a Fourteenth Amendment claim. See Appellant's Br. at p. 6-7. However, state action is a prerequisite for bringing a Fourteenth Amendment claim, and Elansari has made no allegations indicating that any named defendant is a state actor. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982) (explaining that the Fourteenth Amendment "can be violated only by conduct that may be fairly characterized as 'state action'").

Next, citing Title II of the Civil Rights Act of 1964, Elansari maintains that the District Court should have identified and considered a claim of public accommodations discrimination in Elansari's complaint. See Appellant's Br. at p. 4, 7, 9. Elansari insists that defendant Jagex should be liable for "unequal treatment" because Elansari's account was "muted . . . compared to all other players who are not muted." See id. at p. 6.

Title II prohibits "discrimination . . . on the ground of race, color, religion, or

---

[2] The District Court adjudicated the only claims it identified in Elansari's complaint — federal constitutional claims — and concluded that those claims could not be usefully amended, making the District Court's order final pursuant to 28 U.S.C. § 1291. See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265, 269 (3d Cir. 2013). Elansari does not argue on appeal that the District Court erred in failing to perceive a state law contract claim in the complaint, thus waiving any challenge to that decision. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal").

3

national origin." See 42 U.S.C. § 2000a. Even generously construing Elansari's complaint to raise a claim of public accommodations discrimination and assuming that Elansari can bring such a claim in this context, at no point either in the District Court or on appeal has Elansari alleged losing access to Jagex's online game due to discrimination based on any of the grounds protected by Title II.[3] See Daniel v. Paul, 395 U.S. 298, 301 (1969).

For the reasons above, Elansari has shown no error in the District Court's dismissal of the complaint. Accordingly, we will affirm the District Court's judgment

---

[3] Under the circumstances of this case, the District Court did not abuse its discretion in declining to offer Elansari leave to file an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).