## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMRO ELANSARI,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 20-423** |
| | : | |
| **JAGEX INC., *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                      **February 11, 2020**

Amro Elansari returns *pro se* with yet another case challenging a video game company for muting him. We dismissed his first attempt in a final order and the Court of Appeals affirmed our judgment. Undeterred, he somehow thinks he can simply file again.   Under longstanding *res judicata* principles, he cannot sue Jagex, Inc. and Shanghai Fukong Interactive for the claims he could have brought in his first case dismissed with prejudice. We will dismiss the Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     Fact allegations in this second case.

Mr. Elansari sued Jagex, Shanghai Fukong Interactive and others in July 2019 alleging they "muted" him while he played a video game operated by the Defendants. He alleged they muted him without explanation which he believed violated constitutional rights including under the Due Process Clause.[1] We then granted Mr. Elansari leave to proceed *in forma pauperis* and dismissed the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a plausible federal claim.[2] We dismissed the federal claims with prejudice and dismissed state law claims without prejudice.[3]

Mr. Elansari appealed our dismissal to the United States Court of Appeals. Our Court of Appeals affirmed the dismissal of Mr. Elansari's claims without amendment.[4] On appeal, Mr. Elansari alleged for the first time the Defendants' conduct also violated Title II of the Civil Rights Act of 1964.[5] Our Court of Appeals declined to entertain his new theory because "[e]ven generously construing [Mr.] Elansari's complaint to raise a claim of public accommodations discrimination and assuming that [Mr.] Elansari can bring such a claim in this context, at no point either in the District Court or on appeal ha[d] [Mr.] Elansari alleged losing access to Jagex's online game due to discrimination based on any of the grounds protected by Title II."[6]

Two days after our Court of Appeals affirmed our dismissal, Mr. Elansari thought he could file another case under Title II based on Jagex muting him in the video game. Mr. Elansari claims Jagex subjected him to "unequal treatment" without explanation so he has "no other option but to presume unequal treatment is on the basis of race, religion, culture" under Title II.[7] He seeks "termination of unequal treatment" and unspecified damages.[8] His theory is based on his presumption the Defendants knew of his protected class status and treated him in a disparate manner. He forgets the Defendants are still not state actors governed by the Equal Protection Clause and he fails to plead a video game is a public accommodation entitled to constitutional protection from the state overreaching.

## II.    Analysis

As Mr. Elansari is proceeding *in forma pauperis*,[9] we must dismiss the Complaint if it is frivolous or fails to state a claim.[10] A complaint is frivolous if it "lacks an arguable basis either in law or in fact."[11] It is legally baseless if "based on an indisputably meritless legal theory,"[12] and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible."[13] Additionally, "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)."[14]

2

We must determine whether Mr. Elansari pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[15] Conclusory allegations do not suffice.[16] As Mr. Elansari is proceeding *pro se*, we construe his allegations liberally.[17]

This case represents Mr. Elansari's second attempt to plead a claim for the same conduct. Mr. Elansari's lawsuit is legally frivolous because it is barred by *res judicata*, also known as claim preclusion. The doctrine of *res judicata* bars claims brought or could have been brought in a previous action.[18] Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[19] "A dismissal under the *in forma pauperis* statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim."[20] As Mr. Elansari could have readily raised his Title II claim in his first case based on the same underlying subject matter and brought against the same parties, his current claims are barred by *res judicata.*[21]

Even assuming Mr. Elansari could bring a Title II claim, his allegations are entirely conclusory and admittedly based on speculation. Mr. Elansari admittedly presumes Jagex muted him based on his (unspecified) race, religion and/or culture. He fails to plead facts supporting such a conclusion. He also does not allege a plausible claim of a video game being a public accommodation.[22] We will not grant Mr. Elansari leave to amend because it would be futile as this is his second attempt to state a claim under Title II without success.[23]

## III. Conclusion

We dismiss Mr. Elansari's second attempt to assert a constitutional challenge to a private entity's decision to mute him from playing on their game. We dismiss this second case as barred by *res judicata* and he otherwise fails to state a claim under Title II. Amendment is futile.

3

[1] *See Elansari v. Jagex*, No. 19-3006.

[2] *Id.* ECF Doc. Nos. 4 and 5.

[3] ECF Doc. No. 5.

[4] *See Elansari v. Jagex Inc.*, No. 19-2696, 2020 WL 365196, at *2 (3d Cir. Jan. 22, 2020).

[5] *Id.*

[6] *Id.*

[7] ECF Doc. No. 2 at 3.

[8] *Id.* at 4.

[9] *See* ECF Doc. No. 4.

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[12] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[13] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[14] *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (per curiam).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[16] *Id.*

[17] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[18] *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

[19] *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).

[20] *Gimenez*, 202 F. App'x at 584.

[21] *See Shockley v. Hosterman*, 279 F. App'x 98, 99 (3d Cir. 2008) (per curiam) ("Shockley's second lawsuit, filed after the court adjudged the first to be frivolous, lacked arguable merit in fact or law because it was barred under the principles of res judicata as announced in *Denton.*").

[22] *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[23] *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se prisoner would be futile when prisoner "already had two chances to tell his story").